# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

RONALD L. SHAMBLIN,

                 Petitioner,    :        Case No. 2:26-cv-00336

    - vs -                                  District Judge James L. Graham
                                        Magistrate Judge Michael R. Merz

WARDEN,
 Pickaway Correctional Institution,

                                :
        Respondent.

---

## DECISION AND ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DENYING APPOINTMENT OF COUNSEL; REPORT AND RECOMMENDATIONS

---

This habeas corpus case, brought *pro se* by Petitioner Ronald Shamblin to obtain relief from his conviction in the Pickaway County Court of Common Pleas, is before the Court for preliminary review under Rule 4 of the Rules Governing § 2254 Proceedings.  Under that Rule, the Clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

When Mr. Shamblin's Petition was received by the Clerk on March 18, 2026, it was randomly assigned under the Court's regular assignment procedure to District Judge James L.

1

Graham and then randomly referred to the undersigned Magistrate Judge under Amended General Order 22-05 as are all habeas corpus cases under 28 U.S.C. § 2254 in this District.

The Magistrate Judge *sua sponte* grants Petitioner leave to proceed *in forma pauperis*. The Notice of Deficiency (ECF No. 3) is WITHDRAWN.

Petitioner has moved for appointment of counsel (ECF No. 2). Although the Court's Criminal Justice Act Plan allows for appointment of counsel in habeas cases, the Court only has funds provided by Congress sufficient to compensate counsel in capital cases and the Court may not constitutionally compel counsel to participate without compensation. *Mallard v. U.S. Dist. Court, S.D. Iowa*, 490 U.S. 296 (1989). The Motion for Appointment of Counsel is DENIED.

The Petition shows that Mr. Shamblin was indicted on charges of failure to comply with the lawful order or signal of a police officer and driving under the influence of alcohol and a drug of abuse, both a felonies of the third degree when the defendant has a previous conviction. The case was tried to a jury which convicted Petitioner on all counts and he was sentenced to an aggregate sentence of sixty months imprisonment. Represented by new counsel, he appealed to Ohio Court of Appeals for the Fourth Appellate District which affirmed the convictions. *State v. Shamblin*, 2024-Ohio-5315 (Ohio App. 4th Dist.. Oct. 28, 2024). The Ohio Supreme Court denied a motion for delayed appeal just last month. *State v. Shamblin*, 180 Ohio St.3d 1501 (2026). Petitioner also filed a petition for post-conviction relief under Ohio Revised Code § 2953.21. When the trial court denied that petition, he again appealed to the Fourth District which affirmed the denial. *State v. Shamblin,* 2025-Ohio-2760 (Ohio App. 4th Dist. Jul. 29, 2025). The Ohio Supreme Court then declined to exercise further appellate jurisdiction. *State v. Shamblin*, 180 Ohio St.3d 1409 (Nov. 12, 2025).

2

Proceeding *pro se*, Mr. Shamblin filed his Petition in this Court on March 16, 2026, by depositing it in the prison mail system on that date (See ECF No. 1, PageID 40). He pleads four grounds for relief:

**Ground One**: The trial court erred by refusing to allow Mr. Shamblin to let the trial court determine the prior conviction issue.

**[Supporting Facts:]** The defendant submitted that because the state is required to prove all such elements beyond a reasonable doubt a defendant is not entitled to bifurcate proceedings or waive a jurv trial on one element alone. This defendant was prejudiced by "the bare lab report and that the defendant was convicted of per se drugs in his blood. It was prejudicial for the jury to see this.

**Ground Two**: The trial court erred by permitting the state to submit to the jury a judgment entry of conviction of a prior felony conviction under R. C. 4511. 19 instead of telling the jury only that the parties have stipulated that Mr. Shamblin had "previously been convicted of a violation of division a or b of Section 4511.19. "

**Supporting facts:** Defense counsel asked the trial court not to submit the prior judgment of conviction to the jurv. Trial counsel reason for this was, "It's at the end of the case we stipulated to my client's previous or prior felonv 0VI conviction. Part of the reason [for] us do that is to [take] that out of the hands of the jury so they don't hear that vary prejudicial piece of information that my client has dona this before.' Trial counsel is relying on the Ohio Supreme Court decision stating "... that upon request and with stipulation, the jury should only bs told that the conviction admitted by the defendant falls within the class of crimes. This allowed the jury to see inflammatory but irrelevant evidence when the jury could have found that the lab report incorrectly reported that he was under the influence.

**Ground Three**: The trial court abused its discretion when denying appellant's postconviction claim of ineffective assistance of defense counsel for failing to move to suppress the blood draw.

**Supporting Facts:** Trial counsel has a duty and obligation to subject the State's/Prosecution case to meaningful adversarial testing. It has been held that failure to file a motion to suppress may be ineffective assistance of counsel. Here in this present case the

3

defendant/petitioner had his blood drawn illegally and seized in violation of the Fourth Amendment of the U.S. Constitution.

**Ground Four**:  Appellant's ineffective assistance of counsel claim is not barred by *res judicata* under the *Blanton* analysis.

**Supporting Facts**: The Ohio Supreme Court has mandate a two-part inquiry when evaluating a post-conviction claim that is premised on the allegation of ineffective assistance of counsel. First the court must conduct *res judicata* analysis to determine whether the petitioner has introduced competent evidence of ineffective assistance that was not included in the trial court record.  Then the court must determine if that evidence presents substantive grounds for relief.

The Petitioner presented substantial evidence that the conducted blood draw was performed illegally, and presented evidence of the State of Ohio was falsified.  An[d] the trial court allowed perjured testimony.

(Petition, ECF No. 1; spelling corrected throughout).

On direct appeal from his conviction, Shamblin raised the following assignments of error:  (1) that the trial court erred by refusing to bifurcate an essential element of the charge, prior OVI, in order to have that issue determined by the trial court itself instead of the jury; and, (2) that the trial court erred by permitting the State to submit a judgment entry of Shamblin's prior felony OVI conviction when the parties had earlier stipulated to the previous conviction.  The Fourth District decided both of these claims on the merits.

**Ground One:  Refusal to Bifurcate**

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the

4

United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).  Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

As to this particular assignment of error, Shamblin's counsel attempted to recast it as a constitutional claim on direct appeal, but the Fourth District held it would not decide any constitutional issue because it had not been raised as a constitutional issue in the trial court. *Shamblin* I at ¶ 13.  It went on to hold under Ohio law that the prior conviction was an element of OVI charged as a third-degree felony and Ohio law did not provide for bifurcation of elements of charged offenses. *Id.* at ¶ ¶ 16-18.

Because the Fourth District declined to decide the bifurcation claim as a constitutional issue, its decision is not entitled to deference under 28 U.S.C. § 2254(d)(1) because it was not a decision on the constitutional merit of the claim.  Because Shamblin could have obtained a decision on the constitutional issue but failed to raised it in the trial court, he has procedurally defaulted Ground One and has not offered any excusing cause and prejudice.  Had Shamblin preserved the constitutional claim, this Court should find it to be without merit.  Each element of a crime must be proven beyond a reasonable doubt. *In re Winship*, 397 U.S. 358 (1970).  The Magistrate Judge is unaware of any U.S. Supreme Court decision holding that a state trial court must, on demand, bifurcate the trial of any element of a crime.  In habeas corpus, this Court considers only federal constitutional violations as shown by unreasonable application of Supreme Court decisions. *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).  Petitioner's First Ground

for Relief is procedurally defaulted and without constitutional merit and should therefore be dismissed.

**Ground Two: Proof of the Prior Conviction**

In order to convict Petitioner of operating a motor vehicle under the influence as a third degree felony, the State had to prove a prior felony conviction for OVI, as noted above and in the Fourth District's opinion. Recognizing that, Petitioner's counsel stipulated to the prior conviction. Instead of accepting the stipulation as sufficient, the prosecutor insisted on submitting the prior judgment entry of conviction.

The Fourth District did consider this claim – Shamblin's second assignment of error on direct appeal – as a constitutional claim. Shamblin had argued that accepting the stipulation as a way of proving the prior conviction was required by *Old Chief v. United States*, 519 U. S. 172 (1997). The Fourth District relied on Ohio Supreme Court law to distinguish *Old Chief*. In that case the State was required to prove defendant had a prior felony conviction of any kind. Here the proof had to be of a prior felony level OVI conviction. Because of the specificity of the prior felony element, the stipulation would not provide the same level of protection of the defendant as in *Old Chief*. The same distinction had been applied by the Ohio Supreme Court in *State v. Creech*, 150 Ohio St.3d 540 (2016).

The Fourth District's rejection of reliance on *Old Chief* was an objectively reasonable application of that Supreme Court decision and its progeny. Therefore it is entitled to deference under 28 U.S.C. § 2254(d)(1) as enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). In addition, this claim is procedurally

defaulted because Shamblin did not timely appeal to the Supreme Court of Ohio from the Fourth District's decision.  Ground Two should be dismissed.

**Ground Three:  Ineffective Assistance of Trial Counsel:  Failure to Move to Suppress the Blood Draw**

In his Third Ground for Relief Petitioner claims he received ineffective assistance of trial counsel when his trial attorney failed to move to suppress the blood draw which provided the proof of his blood alcohol level and methamphetamine ingestion.  This claim was not presented on direct appeal, but only in Shamblin's petition for post-conviction relief under Ohio Revised Code § 2953.21.  The Common Pleas Court rejected the claim on the merits.  On appeal, the Fourth District found the claim barred by the Ohio doctrine of *res judicata* because it had not been raised on direct appeal, but also held the claim was without merit because a motion to suppress would not have succeeded.  *Shamblin II* at ¶¶ 25-26.

Failure to file a motion to suppress can be ineffective assistance of trial counsel, but only if the motion would have been granted.  Given the Ohio courts' critique of the evidence Shamblin presented with his post-conviction petition, it clearly was a reasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984), to find that evidence would not have been persuasive.  Moreover the evidence surrounding the blood draw, presented to the defense before trial, showed that it had been done pursuant to search warrant and by a trained technician.

Likewise, the failure to move to suppress could have been litigated on direct appeal.  It was therefore a procedural default under Ohio law to fail to present it on direct appeal.  Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision.  *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir.

2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

Because failure to file a meritless motion to suppress is not deficient performance under *Strickland v. Washington,* 466 U.S. 668 (1984), and *res judicata* is an adequate and independent ground on which to find procedural default, Petitioner's Third Ground for Relief should be dismissed.

**Ground Four:  Ineffective Assistance Of Trial Counsel Claim Not Barred By *Res Judicata***

In his Fourth Ground for Relief Petitioner asserts his ineffective assistance of trial counsel claim is not barred by *res judicata* because of the Ohio Supreme Court's decision in *State v. Blanton*, 171 Ohio St.3d 19 (2022).  The question of what the Ohio law of *res judicata* requires is a question of state law on which a federal habeas corpus court must accept the conclusions of the state courts, even in the case in suit.  *Bradshaw v. Richey*, 546 U.S. 74 (2005).  The Fourth District was aware of the possible applicability of *Blanton* and wrote:

> The doctrine of res judicata bars someone from raising a claim that could have been raised and litigated in a prior proceeding. *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). So a court reviewing a postconviction-relief petition generally may not decide a claim that could have been presented at trial and raised on direct appeal. *Id.* at 180, 226 N.E.2d 104. There's a twist when it comes to claims of ineffective assistance of counsel. We have held that res judicata does not bar a postconviction ineffective-assistance-of-counsel claim when either (1) the petitioner had the same attorney at trial and on appeal or (2) he must rely on evidence outside the trial record to establish his claim for relief. *State v. Cole*, 2 Ohio St.3d 112, 113-114, 443 N.E.2d 169 (1982). The converse is that when the petitioner had a new attorney on appeal and the claim could have

8

been litigated based on the trial record, res judicata applies and the postconviction claim is barred. *Id.*

*Shamblin II* at ¶ 26, quoting *Blanton* at ¶ 2. On this Court's reading, the Fourth District correctly applied *Blanton,* but on questions of what the state law requires, we are bound in any event by the state courts' decision. Ground Four fails to state a claim on which habeas corpus relief can be granted and should therefore be dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition herein be dismissed with prejudice on preliminary review without requiring an answer from the State of Ohio. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 20, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections

9

in accordance with this procedure may forfeit rights on appeal. #